NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JUAN VIANA-HERNANDEZ, <br><br> Defendant - Appellee. | No. 24-3084 <br><br> D.C. No. <br> 3:23-cr-02135-LL-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 19, 2025
Pasadena, California

Before: HIGGINSON, BENNETT, and SUNG, Circuit Judges.**

The Government appeals the district court's order dismissing the charge

against Defendant Juan Viana-Hernandez with prejudice, after previously allowing

Viana-Hernandez to withdraw his guilty plea. The district court stated it dismissed

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for
the U.S. Court of Appeals for the 5th Circuit, sitting by designation.

Viana-Hernandez's case under its supervisory authority because it concluded that the Bureau of Prisons (BOP) improperly undermined the imposition of its lawful sentence. We have jurisdiction under 28 U.S.C. § 1291. We reverse and reinstate Viana-Hernandez's judgment and sentence.

1. This case is not moot. "For a dispute to remain live without being dismissed as moot, '[t]he parties must continue to have a personal stake in the outcome of the lawsuit.'" *Maldonado v. Lynch*, 786 F.3d 1155, 1160–61 (9th Cir. 2015) (alteration in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990)). The Government has a live interest in this case: the reinstatement of Viana-Hernandez's guilty plea and sentence. *See Garding v. Mont. Dep't of Corrs.*, 105 F.4th 1247, 1255–56 (9th Cir. 2024) (discussing how the state had an interest in a vacated judgment to avoid a new trial).

2. The Government did not waive its objection to the district court dismissing the charge against Viana-Hernandez. The Government argued against the dismissal. At the April 22, 2024, order to show cause hearing, the district court noted "I've considered an order to show cause why somebody shouldn't be held in contempt. I think the best and most direct and probably least offensive response to this is just to dismiss the case. The Government wants to appeal, have at it." "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464

2                                                                        24-3084

(1938)).  Looking at the entirety of the record and the district court transcripts, the Government did not waive its objection.

3.  A district court's use of its supervisory powers is reviewed for abuse of discretion.  *United States v. Simpson*, 813 F.2d 1462, 1465 (9th Cir. 1987).  The district court abused its discretion by allowing Viana-Hernandez to withdraw his plea and then dismissing the charge against him.  "We have accepted that '[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'"  *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (per curiam)).  The Supreme Court has suggested that a district court should invoke its supervisory authority in limited circumstances such as "to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations" or "to deter illegal conduct."  *United States v. Hasting*, 461 U.S. 499, 505 (1983).

"Whatever the scope of" the district court's "'inherent power,' however, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure."  *Carlisle v. United States*, 517 U.S. 416, 426 (1996).  Federal Rule of Criminal Procedure (Rule) 11(e) requires that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."

3

The set-aside did not occur on either direct appeal or collateral attack. The district court thus violated Rule 11(e).

The district court based its dismissal on the BOP's conduct. But here, the BOP expressed staffing and safety concerns at the Metropolitan Correction Center San Diego with letting Viana-Hernandez enter and exit the facility every weekend. The BOP offered placements in other facilities. While the district court may make recommendations, the BOP has "plenary control" over the location of confinement. *Tapia v. United States*, 564 U.S. 319, 331 (2011). Although the district court found that the BOP's alternatives were unreasonable, the BOP's actions were not improper, much less outrageous, and did not justify either allowing Viana-Hernandez to withdraw his plea or dismissing the charge against Viana-Hernandez. *See United States v. Gatto*, 763 F.2d 1040, 1046 (9th Cir. 1985) ("Proper regard for judicial integrity does not justify a '"chancellor's foot" veto' over activities of coequal branches of government." (quoting *United States v. Russell*, 411 U.S. 423, 435 (1973))).

The district court was concerned that the BOP's alternate locations would effectively undermine its sentence of intermittent confinement. But there were other means available to the parties, and to the district court, to address changes in circumstance that may have permitted modifications to Viana-Hernandez's sentence or to the terms of his probation. For example, the district court, under Rule 36, could

have corrected an error in the judgment.  Alternatively, Viana-Hernandez (or the Government) could have moved to modify the terms of Viana-Hernandez's probation under Rule 32.1(c).  Following the issuance of our mandate, the district court may find that conditions have changed, and/or other bases exist for exercising its discretion to modify the sentence, including through Rule 32.1(c) or Rule 36, and including based on the possible lack of an appropriate facility for intermittent confinement.

The district court abused its discretion under the Rules and the limits of its supervisory authority by dismissing the Government's charge against Viana-Hernandez after permitting him to withdraw his guilty plea.

**REVERSED AND REMANDED.**  Viana-Hernandez's judgment and sentence are **REINSTATED.**